# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KRYSTA SUTTERFIELD,

        Plaintiff,

v.                                      Case No. 11-CV-486

CITY OF MILWAUKEE,
OFFICER DOE 1, OFFICER DOE 2,
OFFICER DOE 3, OFFICER DOE 4,
OFFICER DOE 5, and OFFICER DOE 6,

        Defendants.

_____

# ORDER

On May 19, 2011, the plaintiff, Krysta Sutterfield ("Sutterfield"), filed a complaint against the City of Milwaukee and six unknown police officers. (Docket #1). The complaint alleges that police officers from the City of Milwaukee, lacking proper authorization, entered the plaintiff's home and seized a handgun belonging to the plaintiff. (Compl. ¶¶ 9-15, 22-24). The complaint further alleges that Ms. Sutterfield has requested copies of the records related to the officers' conduct, but city officials refuse to provide the plaintiff such records. *Id.* ¶¶ 28-33. Based on these general statements, the complaint raises two counts for relief: (1) a claim arising under 28 U.S.C. § 1983 for violations of Ms. Sutterfield's Fourteenth Amendment due process rights; and (2) a claim arising under Wisconsin Open Records law, Wis. Stat. § 19.35, for failure to comply with an open records request. *Id.* ¶¶ 34-43. In conjunction with the complaint, the plaintiff has filed a motion for a

preliminary injunction. (Docket #3). With the benefit of the materials provided by the parties, the court proceeds to rule on the pending motion.[1]

Initially, the court notes that a preliminary injunction is "an exercise of a very far reaching power, never to be indulged except in a case clearly demanding it." *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 389 (7th Cir. 1984) (internal citations omitted). As a result, the plaintiff has a number of hurdles to overcome before it can obtain preliminary injunctive relief. She must first demonstrate as a threshold matter: (1) some likelihood of success on the merits of its claims; (2) the plaintiff will suffer irreparable harm if the injunction is denied; and (3) there is no adequate remedy at law. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc.,* 549 F.3d 1079, 1086 (7th Cir. 2008). If the plaintiff satisfies these three elements, the court must then determine whether: (1) the harm the plaintiff would suffer if the court denied an injunction would outweigh the harm the defendant would suffer if the injunction issues; and (2) the public interest would not be affected negatively by the issuance of an injunction. *Id.* During the balancing stage of the preliminary injunction inquiry, the court employs a "sliding scale" approach, such that the less likely it appears that a plaintiff is able to succeed on the merits of its claim, the greater the balance of irreparable harms demonstrated will need to favor the plaintiff. *Id.*

---

[1] The court notes that the City of Milwaukee did not file a brief with respect to this motion, instead opting to file a letter several days after a response to the plaintiff's motion was due. *See* Civil L.R. 7(b). However, given the serious nature of issuing a preliminary injunction, the court will not exercise its discretion under Civil L.R. 7(d) to grant the motion in question as a sanction for noncompliance with the local rules and will instead resolve the motion on the merits.

First, the court finds that there is little chance of success for the plaintiff with respect to the alleged Open Records law violation. The plaintiff contends that the remedy afforded by Wisconsin when a state agent has failed to properly respond to an open records request is to "bring an action for mandamus asking a court to order release of the record." (Pl.'s Br. at 5) (quoting Wis. Stat. § 19.37(1)(a)). The plaintiff cites to no authority, however, to indicate that a federal court can similarly provide such a remedy. Indeed, the opposite is true. *See Coniston Corp. v. Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988) (holding that a federal court has "no jurisdiction to issue a mandamus against state officials for violating their duties under state law"); *see also Johnson v. City of Milwaukee*, No. 03-CV-0775, 2006 U.S. Dist. LEXIS 62441, at *17 (E.D. Wis. Aug. 31, 2006) ("[T]he appropriate remedial procedure for violations of this statute is an action for mandamus in state court . . . [the plaintiff] cannot bring the mandamus action in this court.") More broadly, given that this court lacks jurisdiction over the second claim in the complaint, the court will dismiss this claim for want of jurisdiction. *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) ("[F]ederal courts are always 'obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction'") (internal citations omitted).

Second, the court similarly finds that there is a low likelihood of success on the merits of its Section 1983 claim. Given that Ms. Sutterfield's first legal claim is that the defendants' seizing of her firearm was unauthorized intentional conduct, the law is quite clear that the Due Process Clause of the Fourteenth Amendment is not
-3-

implicated where the state has provided a meaningful post-deprivation remedy for such a loss. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *see also Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008) ("Because ['random and unauthorized' actions of state officials are] inherently unpredictable, the state's obligation the Due Process Clause is to provide sufficient remedies after its occurrence, rather than to prevent it from happening."). Wisconsin law has several post-deprivation remedies for property deprivations. *Chavers v. Abrahamson*, 803 F. Supp. 1512, 1515 (E.D. Wis. 1992). Most obviously, Wisconsin law provides that "[a]ny person claiming the right to possession of property seized . . . without a search warrant may apply for its return to the circuit court for the county in which the property was seized." Wis. Stat. § 968.20. Moreover, Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. *See* Wis. Stat. §§ 893.51 and 893.52. Ms. Sutterfield argues in her reply brief that the state law remedy is inadequate because Wis. Stat. § 968.20 does not allow the plaintiff to receive monetary damages as a result of the property deprivation. (Pl.'s Reply Br. at 4). However, the plaintiff presumes that Section 968.20 is the only means afforded by Wisconsin law to remedy a property deprivation. Moreover, there is no authority cited for the contention that the lack of a monetary remedy means that the state remedy is inadequate.[2] *Cf. Chavers,* 803 F. Supp. at 1515

---

[2] Indeed, the plaintiff's initial brief to the court argued that monetary damages were tangential to the *raison d'etre* for this lawsuit. (Pl.'s Br. at 6) ("[D]amages alone are insufficient . . . the policy cannot be redressed merely with damages."). There is no reason why state law cannot remedy this matter.

-4-

(finding no authority to conclude that Wisconsin post-deprivation remedies for an intentional but unauthorized property deprivation were inadequate). Finally, and perhaps most basic, the court notes that the existence of monetary relief because of Section 1983 is *not* a reason the court should issue a *preliminary injunction* – the possibility of monetary damages is merely a reason this case should proceed along its normal path, as the preliminary injunction would not provide the plaintiff with any damages, but would only – at best – enjoin the defendants from violating the plaintiff's constitutional rights.

More broadly, even if the plaintiff could prove a likelihood of success on the Section 1983 claim, there is little chance Ms. Sutterfield could prove that there is no adequate remedy at law. As noted above, the plaintiff argued in her opening brief that monetary damages are never an adequate remedy for a constitutional wrong. (Pl.'s Br. at 6) ("While Plaintiff can be expected to seek and recover damages for the wrongful deprivation of her property, damages alone are insufficient."). This argument has been squarely rejected by the Seventh Circuit. *See Campbell v. Miller*, 373 F.3d 834, 835 (7th Cir. 2004) ("Damages are a normal, and adequate, response to an improper search or seizure, which as a constitutional tort often is analogized to (other) personal-injury litigation."). Indeed, the Court of Appeals has warned courts that "premature or overbroad injunctive relief" in Section 1983 cases based on unlawful seizures risk "hamper[ing] enforcement of the criminal law." *Id.* at 835-36. As such, the court cannot indulge the plaintiff's invitation to issue a preliminary order asking for potentially premature or overbroad relief.

Finally, as the Circuit Court noted in *Campbell,* a preliminary injunction is prospective relief. *Id.* There is nothing to indicate that the defendants will engage in the same behavior against Ms. Sutterfield in the future – indeed, the complaint indicates that the plaintiff does not engage in criminal behavior. (Compl. ¶ 23). The purpose of a preliminary injunction is to preserve the "state of affairs existing immediately before the filing of the litigation," *see Rexnord, Inc. v. Laitram Corp.*, 628 F. Supp. 467, 469 (E.D. Wis. 1986), and that purpose is not satisfied in this case. The plaintiff's motion is denied, and the second claim for relief will be dismissed for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a preliminary injunction (Docket #3) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the second claim for relief in the plaintiff's complaint arising under the Wisconsin Open Records law (Compl. ¶¶ 41-43) be and the same is hereby **DISMISSED** for want of jurisdiction.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge